UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE ERECTION COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCHER WESTERN CONTRACTORS, LLC., et al. ,<br><br>Defendants. | 2:12-cv-0612-MMD-NJK<br><br>**ORDER**<br><br>Defendant Archer Western Contractors, LLC's Emergency Motion to Extend Scheduling Order to Allow for the Deposition of Earl Parmer (#122) |

Before the Court is Defendant Archer Western Contractors, LLC's Emergency Motion to Extend Scheduling Order to Allow for the Deposition of Earl Parmer, Docket No. 122, filed on October 31, 2013. The Court has considered Defendant Archer's Motion, Docket No. 122, and Plaintiff The Erection Company's Response, Docket No. 124. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**I.    Background**

On October 11, 2013, Defendant Archer Western Contractors, LLC ("Archer") sent a letter to Plaintiff Postel Erection Company ("Postel") requesting that Postel produce Earl Parmer to complete his deposition, which began on February 5, 2013. Docket No. 122, at 3. Archer asserts that it was not able to question Parmer during the February 5, 2013, deposition because counsel for Plaintiff The Erection Company, Inc. ("TEC") had to leave the deposition after

approximately 6 hours in order to travel from Houston, Texas to Las Vegas, Nevada.[1] *Id.* On October 16, 2013, Postel informed Archer that Parmer was no longer an employee of Postel. *Id.* That same day, Archer issued a notice of deposition and a subpoena setting the deposition of Earl Parmer for November 4, 2013.[2] *Id.* Parmer was served with the notice and subpoena on October 19, 2013. *Id.*, at 4. Parmer informed Archer that he was not available on November 4, 2013, due to a prescheduled doctor's appointment.[3] *Id.* Thereafter, Archer contacted Plaintiff The Erection Company, Inc. ("TEC") to ask whether it would agree to a limited continuance in the discovery deadline so that Parmer's deposition could be completed on the next available, mutually convenient date.[4] *Id.* TEC denied that request[5] and Archer filed the present motion seeking relief from the Court. *Id.*

TEC filed a response to Archer's motion on November 5, 2013. Docket No. 124. TEC cites no points or authorities in its response but, nevertheless, requests that the Court maintain the current deadlines because Archer "waited until the last minute to get things done" and this case has already been very costly for TEC. *Id.*, at 3.

Finally, both parties' filings briefly discuss other depositions which have yet to occur. *See* Docket No. 122, at 4 ¶17; and Docket No. 125, at 3 ¶2-3. Any dispute which may exist relating

---

[1] Archer attached relevant portions of the transcript of Parmer's deposition as Exhibit 3 to its motion. Docket No. 122-3. The transcript shows that the deposition was cut short because TEC's counsel had a scheduled airline flight. *Id.* Defendant's counsel stated for the record that he was not given an opportunity to ask any questions. *Id.*

[2] The deposition was timely noticed and set to occur before the discovery cut-off date, which is currently November 8, 2013. Docket No. 118.

[3] Parmer informed Archer that he recently underwent back surgery, and his appointment was associated with that surgery. Docket No. 122, at 4.

[4] The next date that both Archer and Parmer are available for the deposition is after the discovery cut-off date. Docket No. 122, at 4.

[5] Archer requested the continuance from TEC on two occasions before filing the present motion. Docket No. 122, at 4. Both requests were denied. *Id.*

2

to these depositions, however, is not currently before the Court and the Court makes no rulings related thereto.

## II. Discussion

### A. Failure to Cite Points and Authorities

Pursuant to LR 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Accordingly, since TEC did not cite any points or authorities, or make any legal arguments whatsoever, TEC has consented to the granting of Archer's motion. *See* LR 7-2.

### B. Good Cause

The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

Here, Archer noticed and scheduled Parmer's deposition in a timely manner and prior to the current discovery deadline. Parmer's deposition did not occur on November 4, 2013, solely because Parmer had a doctor's appointment, and not due to any lack of diligence by Archer. Accordingly, the Court finds that good cause exists for the extension.

### C. Excusable Neglect

Requests to extend a discovery deadline filed less than 21 days before the expiration of that particular deadline must also be supported by a showing of excusable neglect. *See* Local Rule 26-4. This motion was filed only 4 days before the discovery deadline; therefore, excusable

1  neglect must be shown.

2  Excusable neglect encompasses situations in which the failure to comply with a filing
3  deadline is attributable to negligence. *Lemoge v. U.S.,* 587 F.3d 1188, 1195 (9th Cir.2009). There
4  are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice
5  to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3)
6  the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*
7  *v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). The determination of whether neglect is
8  excusable is ultimately an equitable one, taking account of all relevant circumstances
9  surrounding the party's omission. *Pioneer,* 507 U.S. at 395. This equitable determination is left
10 to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004).

11 Here, allowing a single deposition to occur soon after the expiration of the discovery
12 deadline will not prejudice TEC. Archer believes that the deposition can occur before November
13 22, 2013, and TEC has requested that, in the event that the Court grant Archer's motion, the
14 deposition occur before November 30, 2013. This is a longer extension that the Court would
15 prefer; however, because it is only one deposition, the potential impact on proceedings is minor.
16 The reason for the delay is that the witness was unavailable due to a doctor's appointment related
17 to his back surgery and was not the fault of Archer. Finally, it appears to the Court that Archer
18 has acted in good faith. Based on all of the forgoing and good cause appearing therefore, the
19 Court finds that Archer's failure to file this motion 21 days before the discovery deadline was the
20 result of excusable neglect.  Accordingly, the Court grants Archer's Motion.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

4

**IV.    Conclusion**

IT IS HEREBY ORDERED that Defendant Archer Western Contractors, LLC's Emergency Motion to Extend Scheduling Order to Allow for the Deposition of Earl Parmer, Docket No. 122, is GRANTED.

IT IS FURTHER ORDERED that the discovery deadline is continued until November 30, 2013, for the limited purpose of deposing Earl Parmer. All other discovery must be completed by the November 4, 2013, deadline.

IT IS FURTHER ORDERED that the motion hearing is set for Thursday, November 7, 2013, at 11:00 AM in LV Courtroom 3C before Magistrate Judge Nancy J. Koppe is hereby VACATED.

DATED this   6th   day of November, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge