UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE ERECTION COMPANY, et al., <br><br> Plaintiffs, <br> v. <br> ARCHER WESTERN CONTRACTORS, LLC, et al., <br><br> Defendants. | Case No. 2:12-cv-00612-MMD-NJK <br><br> ORDER <br><br> (Motion in Limine – dkt. no. 87) |
| ARCHER WESTERN CONTRACTORS, LLC, <br><br> Counterclaimant <br> v. <br> THE ERECTION COMPANY, <br><br> Counterdefendant. | |
| ARCHER WESTERN CONTRACTORS, LLC, <br><br> Cross-Claimant, <br> v. <br> POSTEL INDUSTRIES, INC., <br><br> Cross-Defendant. | |
| ARCHER WESTERN CONTRACTORS, LLC, <br><br> Third-Party Plaintiff, <br> v. <br> TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, et al., <br><br> Third-Party Defendants. | |

Before the Court is plaintiff The Erection Company, Inc.'s ("TEC") First Motion in Limine to Preclude Archer Western Contractors, LLC From Designating FAA Employees

as Expert Witnesses and From Calling Them as Witnesses at Trial (dkt. no. 87). For the reasons discussed below, the Motion is denied.

This dispute arises out of work performed on the construction of the new control tower at McCarran International Airport for the Federal Aviation Administration ("FAA"). TEC was the subcontractor for steel installation and subcontracted with cross-defendant Postel Industries, Inc. ("PIC"), who was the subcontractor for steel fabrication. Defendant Archer Western Contractors, LLC ("Archer") was the general contractor on the project.

TEC seeks to exclude three (3) employees of the FAA from testifying at trial. These employees were identified in Archer's supplemental Rule 26(a) disclosures as percipient witnesses and two of them were identified as "non-retained percipient expert witnesses." (Dkt. nos. 87-1 at 4; 87-2 at 1.) Archer disclosed that two of these employees, Alex Seguin and Giovanni Galadgac, are expected to offer testimony relating to their "involvement with the project and [their] interaction with Archer and TEC [Plaintiff]." (Dkt. no. 87-1 at 4.) The other FAA employee, Michael Valaie, is expected to offer testimony about his inspections of PIC and Plaintiff's work and other issues relating to the construction project. (See id.) However, Archer contends that it has not yet identified any witnesses it intends to call at trial and the deadline for such disclosures was months away at the time the Motion was filed.

A motion in limine is a request for the court's guidance concerning an evidentiary question. See Wilson v. Williams, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. See Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002).

The Court declines to exercise its discretion to address the Motion as the issue raised is premature and may not even arise. Archer has not disclosed whether the three FAA employees will be called to testify at trial. Plaintiff's objection may be rendered moot if Archer does not include these witnesses on its pretrial disclosures.

///

It is therefore ordered that Plaintiff's First Motion in Limine (dkt. no. 87) is denied.

DATED THIS 26th day of February 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE