Spencer H. Gunnerson, Esq.
Nevada Bar No. 008810
s.gunnerson@kempjones.com
Nathanael R. Rulis, Esq.
Nevada Bar No. 011259
n.rulis@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
*Counsel for The Erection Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE ERECTION COMPANY, INC., a Washington Corporation<br><br>Plaintiff,<br>vs.<br><br>ARCHER WESTERN CONTRACTORS, LLC, a Delaware foreign limited-liability company; POSTEL ERECTION GROUP, LLC, a domestic limited liability company; POSTEL WEST, INC., an Arizona corporation; POSTEL INDUSTRIES, INC., an unknown entity; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; DOES I through X; ROES XI through XX<br><br>Defendants.<br><br>AND RELATED ACTIONS | CASE NO. 2:12-cv-00612-MMD-NJK<br><br>**STIPULATION AND ORDER TO LIMIT THE FIRST PHASE OF TRIAL TO THE THRESHOLD ISSUES OF TEC'S RIGHT TO STOP WORK AND THE TERMINATION OF THE SUBCONTRACT** |

Plaintiff, The Erection Company ("TEC), and Defendants, Archer Western Contractors, LLC ("AWC"), and Travelers Casualty and Surety Company of America ("Travelers"), by and through their counsel of record, hereby jointly move for an Order limiting the first phase of trial, currently scheduled for December 8-11, 2015, to the threshold issues of whether TEC was justified in stopping work and the termination of its subcontract with Postel Industries, Inc. ("Postel"), on the construction of the new control tower at McCarran International Airport (hereinafter the "Project")

On August 13, 2015, the Court provided a minute order stating that the trial in this case would be bifurcated into liability and damages phases (Dkt. No. 259). The Court further stated that upon determining liability, the Court would then decide when to proceed with the damages phase.

The parties discussed the best way to approach these separate phases and agree that the most effective way to do so will be to limit the first phase of trial only to liability under limited aspects of TEC's first two claims for relief for breach of contract and breach of the covenant of good faith and fair dealing and limited aspects of AWC's first cause of action against TEC. The issues to be decided in these respective claims are regarding TEC's right to stop work and the termination of its subcontract on the Project due to Postel's and AWC's alleged (1) failure to make payment to TEC; and (2) Postel's alleged abandonment of its subcontract with AWC. Similarly, AWC's first cause of action is limited to the alleged issues against TEC regarding TEC's work stoppage, subcontract termination, and cessation of work/abandonment. The parties agree that a determination of TEC's right to stop work and the termination of its subcontract are threshold issues and may also help foster settlement discussions. Furthermore, the parties anticipate that a trial on these threshold issues will limit the first phase to 4 days.

In focusing the first phase of the trial on TEC's limited first two claims for relief and AWC's limited first claim for relief, the parties agree to limit their argument to the factual and legal allegations made in those claims for relief as described herein. The parties agree that the first phase of trial will not include factual evidence or argument regarding TEC's claims against AWC and AWC's counterclaims against TEC (beyond the limited first cause of action described above) including but not limited to: critical path issues (delay), crane time issues, TEC's manpower, TEC's inspection scheduling, actions of Wade Richotte and his removal from the Project, procurement of temporary stairs, air handler storage fees, TEC's workmanship, TEC's alleged negligence, alleged repair work completed by Union Erectors, AWC's scheduling of the work, the alleged false claim submitted by AWC to Travelers, and any other issue unrelated to the alleged failure to pay TEC and the alleged abandonment by Postel, TEC's right to stop work, and the termination of the TEC subcontract. The parties agree that these claims, factual allegations and issues, along with those regarding damages, may be addressed in the second phase of trial. AWC is not precluded from asserting previously

1  submitted defenses/remedies to TEC's claims and TEC is not precluded from asserting previously
2  submitted defenses/remedies to AWC's limited first claim for relief, so long as they are in accordance
3  with the limitations outlined above.

4      The parties agree that the second phase of trial will address the alleged damages of the
5  prevailing party of the first phase of trial.  If TEC prevails at the first phase, then the second phase will
6  include the remainder of TEC's breach of contract claims and its claim for relief for breach of
7  contract claim against Travelers/AWC, as well as AWC's defenses and set offs to such claims. If
8  AWC prevails at the first phase of trial, then the second phase will include the remainder of AWC's
9  claims for relief against TEC, including the first cause of action (concerning delay and workmanship),
10 the second cause of action, and the fifth cause of action against TEC/Travelers, as well as the
11 remainder of TEC's claims regarding unpaid work and AWC rights are reserved and not waived to
12 contest such claims of TEC. The non-prevailing party in the first phase may present defenses in the
13 second phase but will not assert any further cause of action for damages pled in the respective
14 complaint, counterclaim or third party complaint (other than noted above).  The parties agree that the
15 allegations in these remaining claims for relief are so closely associated with damages, and in many
16 instances are argued in an effort to adjust damage calculations, that it is impracticable not to present
17 them together.

18     Furthermore, the parties agree that for the purposes of the first phase of trial, to the extent the
19 parties will introduce evidence regarding the total amount allegedly owed to TEC, it will be limited to
20 evidence regarding communications between the parties through March 16, 2012.  The parties further
21 agree that TEC is permitted to introduce the work orders, invoices, and supporting documents related
22 to Invoices 4601, 4612, 4626, and 4630, and agree that TEC witnesses will only speak as to the
23 general amounts listed on the work orders or invoices unless AWC introduces evidence challenging
24 the accuracy of the same. For the first phase of trial, the parties reserve their rights to address the total
25 amount owed to TEC on contractual, procedural, and legal grounds. The parties also agree that the
26 prove up and/or determination of the exact amounts owed to TEC is reserved for the second phase of
27 trial, if necessary.

28

In the interest of judicial economy and avoiding undue expense to the parties, the parties agree that the second phase of trial should be stayed until the Court has made a decision on the first phase of trial, allowing for at least two months between phases. Furthermore, the parties agree that the witness list, exhibit list, motions in limine and trial brief will be provided separately for each phase. Upon conclusion of the first phase, the parties with the Court's guidance, will agree upon a new schedule for providing a second set of witness lists, exhibit lists, motions in limine and trial briefs in preparation for the second phase.

DATED this 24th day of November, 2015.

THE FAUX LAW GROUP

/s/ Kurt C. Faux

Kurt C. Faux, Esq. (003407)
Willi H. Siepmann, Esq. (002478)
1540 W. Warm Springs Road, #100
Henderson, Nevada 89014
*Counsel for Archer Western Contractors, LLC and Travelers Surety and Casualty Company of America (Bond No. 105478077)*

KEMP, JONES & COULTHARD, LLP

/s/ Spencer H. Gunnerson

Spencer H. Gunnerson, Esq. (008810)
Nathanael R. Rulis, Esq. (011259)
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169
*Counsel for The Erection Company*

WATT, TIEDER, HOFFAR
& FITZGERALD, LLP

/s/ David Johnson

David R. Johnson, Esq. (6696)
Jared M. Sechrist, Esq. (10439)
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
*Counsel for Travelers Casualty & Surety Co. (Bond No. 105707041)*

IT IS SO ORDERED:

**ORDER**

_____
United States District Court Judge
DATED: November 25, 2015